UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDY ANTONIUK<br><br>Plaintiff,<br><br>v.<br><br>HOMEGOODS, INC.<br><br>Defendant. | Civil Action No. 1:22-cv-_____ |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Andy Antoniuk, by his attorneys, Preti Flaherty PLLP, complains against HomeGoods, Inc. as follows:

## I. PARTIES, JURISDICTION, & VENUE

1. This case involves merchandise falling on and injuring a customer at a HomeGoods store located at 1600 Woodbury Avenue in Portsmouth, New Hampshire (the "**Subject Property**").

2. Plaintiff Andy Antoniuk is a Maine citizen who resides at 150 Stearns Road, Ogunquit, Maine 03907.

3. HomeGoods, Inc. ("**HomeGoods**") is a Foreign Profit Corporation operating retail stores in New Hampshire. HomeGoods has a principal office and mailing address at 770 Cochituate Road, Framingham, Massachusetts 01701.

4. This Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) as the parties are citizens and/or are incorporated in different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b)(2), as the Subject Property is located in, and the subject injury occurred in, this judicial district.

**II. FACTS**

6. HomeGoods operates a retail store at the Subject Property in Portsmouth, New Hampshire.

7. On the evening of October 14, 2019, Plaintiff Andy Antoniuk visited the Subject Property to shop.

8. As Mr. Antoniuk walked around the HomeGoods store, without warning, a display of headboards for beds separated from the wall.

9. A headboard fell and struck Mr. Antoniuk on the head, causing immediate pain and injury.

10. After being struck, Mr. Antoniuk removed his hat and blood gushed from a head wound caused by the falling headboard.

11. Mr. Antoniuk was transported by ambulance to Portsmouth Regional Hospital where he was diagnosed with a laceration over the posterior forehead, resulting in an intracranial hemorrhage. He was admitted to the hospital and released the following day.

12. Since being injured at HomeGoods, Mr. Antoniuk has developed insomnia and suffers nightmares about the incident. He also has flashbacks concerning the incident and has become short-tempered.

13. In September 2021, Mr. Antoniuk visited Pantcho G. Maslinski, MD, a board certified neurologist. Upon examination, Dr. Maslinski concluded Mr. Antoniuk had suffered a concussion connected to a closed head injury with traumatic intracranial hemorrhage.

14. Dr. Maslinski further concluded that Mr. Antoniuk's residual insomnia and nightmares can be considered post-concussive symptoms.

15. Mr. Antoniuk continues to suffer from these symptoms.

## III. CAUSE OF ACTION

### COUNT I
### (Negligence – Against HomeGoods, Inc.)

16. Mr. Antoniuk incorporates herein by reference each of the allegations set forth in Paragraphs 1 through 15.

17. HomeGoods markets and operates retail stores to draw customers to shop there, including at the Subject Property.

18. HomeGoods has a duty to safely operate and maintain the Subject Property so as not to endanger the public. This includes a duty to regularly inspect the Subject Property to identify dangerous conditions.

19. HomeGoods knew or should have known that its merchandise was stored and displayed in an unsafe manner that created a danger to customers.

20. HomeGoods breached its duty to the public and to Mr. Antoniuk by failing to adequately inspect and maintain the Subject Property to prevent the dangerous condition that caused injury to Mr. Antoniuk.

21. Danger to the store's patrons from unsafe display of merchandise was foreseeable.

22. HomeGoods' negligence includes, but is not limited to, failing to take adequate steps to ensure the Subject Property was adequately inspected and maintained to prevent physical dangers to store patrons, and failing to adequately hire, train, and supervise employees to know and comply with reasonable safety precautions affecting the store.

23. As the direct result of HomeGoods' negligence, Mr. Antoniuk received severe and potentially permanent injuries.

24. Mr. Antoniuk has incurred and continues to incur related medical expenses, lost income, significant ongoing pain and suffering, and loss of enjoyment of life.

25. As the direct, proximate, and foreseeable result of HomeGoods' negligence, Plaintiff Andy Antoniuk has been damaged in an amount within the jurisdictional limits of this Honorable Court, including past, present, and future medical expenses, lost income, significant ongoing pain and suffering, loss of enjoyment of life, attorneys' fees, and other losses.

## IV.   DEMAND FOR JURY TRIAL

26. Plaintiff Andy Antoniuk demands a trial by jury on all Counts so triable pursuant to Federal Rule of Civil Procedure 38(a)-(c).

## V.   PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Andy Antoniuk respectfully requests this Honorable Court:

A. Hold a jury trial on all issues so triable;

B. Enter judgment against Defendant HomeGoods, Inc. for Mr. Antoniuk's past and future medical expenses, lost income, pain and suffering, loss enjoyment of life, and all other present and future damages in an amount to be determined;

C. Award Mr. Antoniuk costs, statutory interest, and attorneys' fees as permitted by law; and

D. Grant such other relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ANDY ANTONIUK |
|  | By his attorneys, |
| Dated: March 17, 2022 | By: /s/ *Simon R. Brown* <br> Simon R. Brown, Esq., NH Bar #9279 <br> Preti Flaherty PLLP <br> P.O. Box 1318 <br> Concord, NH 03302-1318 <br> (603) 410-1500 <br> sbrown@preti.com |

\

18822182.1